Patrick J. Picaeibllo, J.
These three separate actions, brought to recover for personal injuries sustained as a result of negligence in the operation of two motor vehicles, were consolidated for the purpose of trial by order of the court:
Action No. 1: Plaintiff Welborn, a passenger in a motor vehicle ówned and operated by defendant Hnston, sued both Huston, Bridy Car Rentals, Inc., and De Leonardis, the lessor-owner and lessee-operator, respectively, of the other vehicle in collision;
Action No. 2: Plaintiff Huston sued Bridy Car Rentals, Inc., and De Leonardis;
Action No. 3: Plaintiff Mintz, .a passenger in the motor vehicle owned and operated by defendant Bridy Car Rentals, Inc., and De Leonardis, respectively, sued both Bridy Car Rentals, Inc., De Leonardis and Huston.
The court, in order to facilitate the rendition of general verdicts in each of the three cases, instructed the jury as follows:
“ So that in applying these principles of law to the facts you found, you come to a determination of the first issue submitted to you. If you find as a fact, that the collision was caused solely by the negligence and carelessness of the defendant, DeLeonardis, you will render a verdict in favor of plaintiff, Welborn, against defendants Bridy and DeLeonardis in the first case; in favor of plaintiff Huston, against defendants, Bridy and DeLeonardis in the second case, provided you have found him, Huston, to have been free of contributory negligence; and in favor of plaintiff, Mintz, against defendants Bridy and DeLeonardis in the third case.
11 If you find as a fact that the collision was caused solely by the negligence and carelessness of the defendant, Huston, you will render a verdict in favor of plaintiff, Welborn, against defendant, Huston, in the first case; in favor of defendants, Bridy and DeLeonardis and against plaintiff, Huston, in the second case; and in favor of plaintiff, Mintz, against defendant, Huston, in the third case.
“ If you find as a fact that the collision was caused by the combined negligence and carelessness of both drivers, no matter *855 to what degree or extent their negligence and carelessness may have contributed to the happening of the accident, then you shall render a verdict in favor of plaintiff, Welborn, against defendants Bridy, DeLeonardis and Huston in the first case; in favor of defendants, Bridy and DeLeonardis, against plaintiff, Huston, in the second case, and in favor of plaintiff, Mintz, against defendants Bridy, DeLeonardis and Huston in the third ease.”
The above instructions were read to the jury upon request during the course of its deliberations.
The following verdicts were reported by the jury:
In Action No. 1: for plaintiff Welborn against defendant Huston for $37,000;
In Action No. 2: hung;
In Action No. 3: for plaintiff Mintz against defendant Bridy Car Rentals, Inc., for $1,500.
The court reserved decision upon the following posttrial oral motions. These oral motions were thereafter supplemented by formal applications.
1. Applications made in Actions No. 1 and 3 to set aside the verdicts of the jury on the ground of inadequacy (by the plaintiffs) and excessiveness (by the defendants), and for a new trial.
While a court may set aside a jury’s verdict for insufficiency, or excessiveness, its discretion nonetheless is limited.
Both the Bar and the judiciary indulge themselves in the belief that a true evaluation of pain and suffering, and injury and disability, is a process that only jurors are capable of translating into dollars. However, the infinite capacity of the litigious mind to suspend true belief in support of disbelief never ceases to amaze the court. Inadequacy is very often confused with parsimony; excessiveness with generosity. There exist those rare occasions when the jury’s award is so “ shockingly ” excessive or inadequate as to justify intervention by a court. In such instances, the court will set aside a jury verdict and make what it considers a fair and proper evaluation.
In these two actions, however, it cannot be said that the verdicts were so inadequate or excessive as to reflect bias or prejudice on the part of the jury, warranting the court to set aside the verdicts as ‘ ‘ shocking ’ ’ to its conscience.
On the record, it appears to the court that the amounts awarded to both plaintiffs represent a fair assessment of their respective damages. Motions denied.
2. Applications made in Actions No. 1 and 3 to set aside the jury’s verdicts on the ground of inconsistency and for a new *856 trial, and plaintiff’s application in Action No. 1 for a directed verdict against defendants Bridy Car Rentals, Inc., and De Leonardis, predicated upon the jury’s finding of negligence in Action No. 3.
3. Defendant’s application for judgment against plaintiff in Action No. 2, on the ground of the jury’s verdict rendered in Action No. 3, and the latter’s application for a new trial on the grounds of inconsistency in the jury verdicts rendered in Actions Nos. 1 and 3.
It is the court’s opinion that the verdicts in Actions No. 1 and 3 were not inconsistent, but were rather incomplete. For, implicit in the jury’s verdict in Action No. 3 against defendant Bridy Car Rentals, Inc., the absent lessor-owner of the motor vehicle, is the finding of negligence on the part of defendant, De Leonardis, its driver; and, expressed in the verdict in Action No. 1 is the finding of negligence on the part of defendant Huston.
There is presented, of course, an inherently perplexing problem where one makes the verdict of any jury, or its inability to render a verdict as in Action No. 2, the object of inquiry. Ordinarily, it would be venturesome for any court to rationalize a jury’s verdict. Although we may know from its inception how it evolves, on occasions, however, its conception becomes more unfathomable. This means that in such instance, more than usually, the court’s emphasis must shift from “what” to “ why ”. Hnder such circumstances, speculation of motive must become the mainspring of the inquiry.
No hyperbole is required adequately to relate the grievous injuries sustained by plaintiff in Action No. 2, which included a skull fracture, bilateral trepanations, and permanent psycho-physiological sequelae affecting adversely what appeared to have been plaintiff’s brilliant career in the performing arts. The jurors, of course, heard all this testimony. They would have been less than human had they not sympathized with the resulting physical, emotional and economic plight of this plaintiff. This attitude of the jury towards this plaintiff is best related to its own questions addressed to the court during its deliberations. And, its feeling was fairly adumbrated by one of the said questions, viz: “ Can Action No. 2 remain undecidéd and the jury still come to a decision in Action No. 1 and Action No. 3 ? ”
One can also surmise from the questions asked that, although the jury was able to, and perhaps did, resolve the issue of liability, it was reluctant to render verdicts in accordance with the court’s instructions.
*857 Of course, it is also possible that the jury may have been confused with the court’s instructions with respect to the issue of this plaintiff’s contributory negligence in Action No. 2 and his negligence as a defendant in Actions Nos. 1 and 3.
Be that as it may, the court need not indulge in any speculation.
The issue of Huston’s contributory negligence in Action No. 2 and the issue of his negligence as a defendant in Action No. 1 bear resemblance to one another and are completely identical. And, the jury having resolved this issue adversely to the plaintiff in Action No. 1, this finding must be adhibited to the same issue in Action No. 2.
The issue was simple. The process of applying the law as given by the court to the facts found by the jury was not beyond its capacity. Where the jury went astray was in refusing to comply with the court’s unequivocal instructions.
The return of a verdict contrary to specific instructions does not permit the court to look the other way. It is the duty of the court to act where there is reason to do so. A resolution of the respective liabilities was sought by all the parties. The laudable purposes and ends sought to be thus achieved are more important to the meaning of any principle than any rule which highly formal logic may lay down.
None can question the inherent power of the court to set aside a jury verdict under appropriate circumstances and to direct that judgment be entered in favor of a party entitled to judgment as a matter of law. A fortiori, if the court has such inherent power the same must, of necessity, include the power to apply true and tried principles of law to the facts found by a jury for a proper disposition of a lawsuit in a case where the jury just simply refuses to render the required verdict; so long as in so doing, the court does not pre-empt the jury and substitute findings of its own for those of the jury. The court in this instance, is not usurping the fact-finding prerogatives of the jury but is simply applying the principles of law which the court instructed the jury to apply to its said findings.
Moreover, to sever Action No. 2 and direct a new trial would be an exercise in futility, because all the elements rendering the plaintiff vulnerable to the defense of equitable estoppel are present; for, although the three actions were consolidated for the purpose of trial, each of the actions preserved its own integrity.
The court, sua sponte, amends the jury’s verdicts in Actions Nos. 1 and 3 to read as follows:
*858 In Action No. 1: In favor of plaintiff Welborn against defendants Huston, Bridy Car Rentals, Inc., and De Leonardis in the sum of $37,000.
In Action No. 3: In favor of plaintiff Mintz against defendants Bridy Car Rentals, Inc., De Leonardis and Huston in the sum of $1,500.
These motions are denied except as hereinabove indicated, and the clerk is directed to enter judgments accordingly, with appropriate costs in each case.
Plaintiff’s cross motion in Action No. 2 is denied; defendant’s motion for judgment dismissing plaintiff’s complaint is granted, with costs.
The clerk is directed to enter judgment accordingly.